213442

John B. HUNT, Administrator of the Estate of Minnie Lee Hunt, and Trustee for the Benefit of John B. Hunt, Carlisle Smith, Linda Farmer and Brenda Graves, Appellant, v. Larry D. RABON, Betty Hemmingsen, Hemmingsen and Moseley, C.R.N.A., P.A., Bruce Hospital, Inc., Joe Doe, M.D., John H. Geanes, Willis Gregory, J. M. Thomason, Thomas Griffin, Joe Copeland, Saunders M. Bridges, John L. Bruce, William D. Tallevant, and Johnson-Mc-Cown Company, Inc., Defendants, of whom John H. Geanes, Willis Gregory, J. M. Thomason, Thomas Griffin, Joe Copeland, Saunders M. Bridges, John L. Bruce, William D. Tallevant, are the Respondents.

(272 S. E. (2d) 643)

*E. Crosby Lewis,* of *Lewis, Lewis & Robinson,* Columbia, *for appellant.*

*H. Grady Kirven,* of *Watkins, Vandiver, Kirven, Gable & Gray,* Anderson, *for respondents.*

December 3, 1980.

LITTLEJOHN, Justice:

According to the complaint in this action, Minnie Lee Hunt died during an operation at Bruce Hospital, Inc. Plaintiff, as administrator of the estate of the deceased, brings this action for injuries and for wrongful death arising out of the incident. The complaint alleged that Johnson-Mc-Cown Company, Inc. had erroneously installed a new medical gas system in the hospital by crossing the oxygen and nitrous oxide lines leading to the operating room. Defendants in the case are the attending surgeon, the nurse anesthetist, the professional corporation of the nurse anesthetist, Bruce Hospital, Inc., a John Doe, M.D., Johnson-McCown Company, Inc., the mechanical contractor company, and the eight named individuals who comprise the Board of Trustees of Bruce Hospital, Inc.

The eight hospital trustees demurred to the complaint on the ground that it failed to allege facts sufficient to constitute a cause of action as to each of them individually as trustee. The circuit judge sustained the demurrer. The plaintiff has appealed.

The question presented, as taken from the plaintiff-appellant's brief, is as follows:

*"Does Plaintiff's Complaint, state a cause of action against the individual members of the Board of Trustees of Bruce Hospital, upon which relief may be granted?"*

The action is one in tort based on alleged negligence. While 23 specifications of negligence against the members of the board of trustees are set out in the complaint, we think that the brief of the plaintiff adequately summarizes the contentions of the complainant, when it said that the trustees ". . . failed to hold meetings, failed to oversee any aspect of the hospital management, failed to confirm the inspection of such dangerous and complex equipment as the medical gas

unit, and failed to insure that rules and regulations as prescribed by the State Board of Health, as well as their own rules and regulations, were complied with by the hospital staff."

Generally the reason for the creation of a corporation is to limit liability. While there are instances in which directors and/or trustees and officers may be personally liable, an officer or a director of a corporation is not, merely as a result of his standing as such, personally liable for torts of corporate employees. To incur liability he must ordinarily be shown to have in some way participated in or directed the tortious act. The allegations in the complaint linking the members of the board of trustees with the tortious act are legally insufficient to hold them liable for the wrongs alleged.

We find the following relevant rule in 19 Am. Jur. (2d) *Corporations*, 4, Liability for Torts:

"§ 1382. Generally.

A director or officer of a corporation does not incur personal liability for its torts merely by reason of his official character; he is not liable for torts committed by or for the corporation unless he has participated in the wrong. Accordingly, directors not parties to a wrongful act on the part of other directors are not liable therefor. If, however, a director or officer commits or participates in the commission of a tort, whether or not it is also by or for the corporation, he is liable to third persons injured thereby, and it does not matter what liability attaches to the corporation for the tort. . . .

"§ 1383. Liability for acts of subordinate officers, agents, or employees.

Ordinarily, a director is not liable for the tortious acts of officers, agents, or employees of the corporation, unless he participated therein or authorized the wrongful act. It is held that directors cannot be held liable for the acts of subordi-

nate officers which they neither participated in nor sanctioned, and where they could not, in the exercise of ordinary and reasonable supervision, have detected the wrongdoing of such subordinate officers. . . ."

In 19 C. J. S. *Corporations* § 845—Torts, the rule is stated in this way:

"A director, officer, or agent is not liable for torts of the corporation or of other officers or agents merely because of his office. He is liable for torts in which he has participated or which he has authorized or directed."

The only South Carolina case cited by counsel for the appealing plaintiff is that of *Olin Mathieson Chem. Corp. v. Planters Corp.,* 236 S. C. 318, 114 S. E. (2d) 821 (1960). While there is some language in this case which lends some comfort to the plaintiff's position, the facts are so grossly different that reliance upon this case is misplaced. The party held liable neglected his duties as treasurer.

We are of the opinion that the lower court properly sustained the demurrer, and the order of the lower court is

Affirmed.

LEWIS, C. J., and NESS and GREGORY, JJ., concur.

HARWELL, J., not participating.