24395

Roger D. ROWE and Mitchalene Rowe, Respondents v.
Ken HYATT and Imperial Chrysler-Plymouth, Inc., Petitioners.
(468 S.E. (2d) 649)

Supreme Court

*Kenneth W. Ebener* and *S. Jahue Moore,* both of *Kirkland, Wilson, Moore, Allen & Taylor, P.A.,* West Columbia, *for petitioners.*

*Grady L. Patterson, III* and *Keith C. McCook,* both of *Quinn, Patterson & Willard,* Columbia, *for respondents.*

Heard Feb. 8, 1996.

Decided Mar. 25, 1996; Reh. Den. Apr. 18, 1996.

## ON WRIT OF CERTIORARI TO
## THE COURT OF APPEALS

BURNETT, Justice:

We granted certiorari to review the Court of Appeals' decision in *Rowe v. Hyatt*, 317 S.C. 172, 452 S.E. (2d) 356 (Ct. App. 1994). We reverse.

## FACTS

Respondents (the Rowes) purchased a car from Imperial Chrysler-Plymouth (Imperial) after a salesman represented the car to be a 1987 demonstrator. When the Rowes discovered the car was actually a 1986 model which had been purchased from a rental fleet, they sued Imperial and its owner Ken Hyatt (Hyatt) for common-law fraud, violation of the Unfair Trade Practices Act (UTPA), S.C. Code Ann. §§ 39-5-10 through 39-5-560 (1985 & Supp. 1995), and violation of the Regulation of Manufacturers, Distributors and Dealers Act (Dealers Act), S.C. Code Ann. §§ 56-15-10 through 56-15-600 (1991 & Supp. 1995).

At trial, the Rowes prevailed on all three causes of action against Imperial, and elected to recover under the Dealers Act. As for the actions against Hyatt individually, the Rowes dismissed the fraud action and the trial judge directed a verdict for Hyatt on the UTPA and Dealers Act actions. The Rowes appealed the directed verdicts in favor of Hyatt.

On appeal, the Court of Appeals affirmed the directed verdict for Hyatt on the UTPA action, but reversed the directed verdict on the Dealers Act action and remanded for entry of judgment against Hyatt for the damages the jury assessed against Imperial.

## ISSUE

Did the Court of Appeals err in reversing the directed verdict in favor of Hyatt on the Dealers Act cause of action?

## DISCUSSION

Hyatt was the sole shareholder, president, and director of Imperial. At trial, however, the Rowes conceded they had no dealings with Hyatt individually and there was no evidence that Hyatt had himself misrepresented cars or that he di-

rected, authorized, or encouraged his salesmen to misrepresent cars. Nevertheless, the Rowes argued that because Imperial violated the provisions of the Dealers Act through the actions of its salesman, Hyatt was personally liable under the Act because of his status as a controlling person in Imperial. The Court of Appeals agreed and held that the Dealers Act extends liability to controlling persons even if the controlling persons themselves do not engage in any conduct in violation of the Act. Hyatt argues this was error. We agree.

An officer, director, or controlling person in a corporation is not, merely as a result of his of her status as such, personally liable for the torts of the corporation. To incur liability, the officer, director, or controlling person must ordinarily be shown to have in some way participated in or directed the tortious act. *Plowman v. Bagnal*, 316 S.C. 283, 450 S.E. (2d) 36 (1994); *Hunt v. Rabon*, 275 S.C. 475, 272 S.E. (2d) 643 (1980). However, this general rule may be altered by a statute which explicitly makes officers, directors, or controlling persons vicariously liable. *See e.g.* S.C. Code Ann. § 35-1-1500 (1987) ("Every person who directly or indirectly controls a [securities] seller liable under § 35-1-1490, every partner, officer or director of such a seller, . . .").

In interpreting a statute, words must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation. *Gilstrap v. S.C. Budget & Control Board*, 310 S.C. 210, 423 S.E. (2d) 101 (1992). Here, the Dealers Act states it is unlawful for a "motor vehicle dealer *to engage in* any action which is arbitrary, in bad faith, or unconscionable and which causes damage to any of the parties or to the public." S.C. Code Ann. § 56-15-40 (1991) (emphasis supplied). The phrase "to engage in" clearly connotes some active participation on the part of the motor vehicle dealer. *See* Black's Law Dictionary 528 (6th ed. 1990) ("engage" means "[t]o employ or involve one's self; to take part in; to embark on"). Therefore, assuming Hyatt is a "motor vehicle dealer" as that term is used in the Act,[1] Hyatt would have been liable under the Act only if he personally committed, participated in, directed, or authorized the misrepresentation of the vehicle sold to the Rowes.

---

[1] *See* S.C. Code Ann. §§ 56-15-10(h) and (n) (1991).

As the parties conceded at trial and on appeal that there was no evidence of this, the Court of Appeals erred in reversing the directed verdict in favor of Hyatt on the Dealers Act cause of action.

Reversed.

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.