**Not for Publication in West's Federal Reporter
Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No.02-1979

DON BOYD,

Plaintiff, Appellant,

v.

ANTHONY CAMARDO,

Defendant, Appellee.

_____

JOSEPH BALDI, ET AL.,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joyce L. Alexander, U.S. Magistrate Judge]

Before
Lipez, Circuit Judge,
Stahl, Senior Circuit Judge,
and Howard, Circuit Judge.

Don Boyd on brief pro se.

May 2, 2003

**Per Curiam**.     Pro se plaintiff-appellant Don Boyd appeals the grant of summary judgment in favor of pro se defendant-appellee Anthony Camardo.  We affirm.

Boyd alleges that he was misled to believe that Camardo's employer, a music instrument and equipment retailer named E.U. Wurlitzer Sound and Music, Inc. ("EUW"), was associated with Wurlitzer, Inc. ("Wurlitzer"), a well-known piano and jukebox manufacturer.  Boyd contends that, as a result of EUW's misrepresentations in certain magazine advertisements, he purchased $14,000 worth of defective music equipment from EUW.  The district court concluded that Boyd had not established that any misrepresentations were made.

We review the grant of summary judgment de novo, examining the record independently and drawing any factual inferences in the light most favorable to the non-movant.  See, e.g., Gu v. Boston Police Dep't, 312 F.3d 6, 10 (1st Cir. 2002).  Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Straughn v. Delta Air Lines, Inc., 250 F.3d 23, 33 (1st Cir. 2001) (citing Fed. R. Civ. P. 56(c)).

Where the party moving for summary judgment does not bear the burden of proof at trial, that party must merely demonstrate "an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party satisfies this requirement, the burden shifts to the non-movant, who cannot rely on bare allegations but must specify facts showing that a genuine controversy is presented for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). A genuine factual dispute exists only when there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. See F.D.I.C. v. Elder Care Servs., Inc., 82 F.3d 524, 526 (1st Cir. 1996).

Boyd makes three arguments in this appeal. His first argument that the lower court's findings of fact were erroneous and unreasonable has no merit. In his brief, Boyd provides seven paragraphs of "background facts" that purportedly reflect the error in the court's findings. The majority of Boyd's recitations, however, are consistent with the court's findings, and any discrepancies or omissions are either irrelevant or not supported by the record. For the most part, Boyd merely disputes the legal significance of, and inferences to be drawn from, those facts. See Anderson, 477 U.S. at 248 (noting that

factual disputes that are irrelevant or unnecessary should not be counted for summary judgment).

Next, Boyd argues that the lower court erred in finding that EUW did not make any misrepresentations in its advertisements. We need not resolve this issue because we affirm the court's grant of summary judgment for Camardo on a different ground, which is discussed below. See, e.g., Four Corners Serv. Station, Inc. v. Mobil Oil Corp., 51 F.3d 306, 314 (1st Cir. 1995) (noting that appellate court is free to affirm district court judgment on any ground supported by the record).

Finally, Boyd argues that the lower court erred in concluding that Camardo could not be held personally liable for the misrepresentations, or, in the alternative, that the court's opinion regarding Camardo's lack of liability was unconstitutionally vague. Boyd misunderstands the court's ruling regarding Camardo's personal liability for the misrepresentation claims. The court assumed, for purposes of summary judgment on these claims, that Camardo was personally responsible for the advertisements. However, because the court had determined that there were no misrepresentations in the advertisements, the court concluded that there was nothing for which Camardo could be held liable, and, accordingly, rendered summary judgment for Camardo on the misrepresentation claims.

We conclude that summary judgment for Camardo was appropriate on the alternative ground that Boyd failed to meet his burden of showing a genuine issue of material fact as to Camardo's personal liability for the alleged misrepresentations. In other words, even assuming that EUW made fraudulent misrepresentations in its advertisements, there is no basis in the record for holding Camardo personally liable for them.

Camardo was a corporate officer of EUW. Under both Massachusetts and South Carolina law,[1] a corporate officer may be held liable for the tortious conduct of the corporation if he personally participated in the tort by, for example, directing, controlling, approving or ratifying the act that injured the aggrieved party. See Rowe v. Hyatt, 321 S.C. 366, 369, 468 S.E.2d 649, 650 (1996); Townsends, Inc. v. Beaupre, 47 Mass. App. Ct. 747, 751-52, 716 N.E.2d 160, 164 (1999) (citing Refrigeration Discount Corp. v. Catino, 330 Mass. 230, 235, 112 N.E.2d 790, 793 (1953)). In this case, there is no evidence that Camardo participated in the creation or submission of the advertisements that allegedly harmed Boyd. The mere fact that Camardo held various positions at EUW (including director, chief executive officer and president) is not enough to render

---

[1] This was a diversity action. Boyd is a resident of South Carolina. Camardo is a resident of Massachusetts and was employed by EUW, a Massachusetts corporation. Boyd did not challenge the court's decision to apply both Massachusetts and South Carolina law to his misrepresentation claims.

him liable for EUW's alleged misrepresentations in the advertisements. See, e.g., Rowe, 321 S.C. at 369, 468 S.E.2d at 650 (holding that person who was sole shareholder, president and director of corporation could not be held personally liable for fraud without evidence that he had made misrepresentations, or that he had directed, authorized or encouraged misrepresentations); Addis v. Steele, 38 Mass. App. Ct. 433, 439, 648 N.E.2d 773, 776 (1995) (holding that president of corporation could not be held personally liable without evidence that he participated in acts causing injury to plaintiffs). Nor is there any basis in the record to justify "piercing the corporate veil." See Evans v. Multicon Constr. Corp., 30 Mass. App. Ct. 728, 732-33, 574 N.E.2d 395, 398 (1991); Sturkie v. Sifly, 280 S.C. 453, 457-59, 313 S.E.2d 316, 318-19 (Ct. App. 1984) (listing factors for piercing corporate veil in order to hold corporate officer liable for corporation's acts). Lastly, we are not persuaded that Camardo's statement that "Plaintiff does not offer any evidence of wrongdoing on the part of Defendant other than the submission of paid advertisements that were placed by E.U. Wurlitzer Co., Inc. in various musical retailers' publications" constitutes an admission of Camardo's personal liability for the alleged misrepresentations.

The judgment of the district court is affirmed.