681 S.E.2d 875

**Joseph H. MOORE, Respondent,**

v.

**M.M. WEINBERG, Jr., and Weinberg and Brown, LLP, Petitioners.**

No. 26702.

Supreme Court of South Carolina.

Heard May 27, 2009.

Decided Aug. 12, 2009.

Harry C. Wilson, Jr. and David C. Holler, of Lee, Erter, Wilson, James, Holler & Smith, of Sumter, for Petitioners.

A. Camden Lewis, Peter D. Protopapas and Brady R. Thomas, of Lewis & Babcock, of Columbia, for Respondent.

Chief Justice TOAL.

Respondent Joseph H. Moore filed suit against Petitioners M.M. Weinberg, Jr. and Weinberg and Brown, LLP after Petitioners disbursed funds in which Moore claimed an interest. The trial court granted Petitioners' motion for summary judgment. The court of appeals affirmed in part, reversed in part, and remanded. *Moore v. Weinberg,* 373 S.C. 209, 644 S.E.2d 740 (Ct.App.2007). This Court granted a writ of certiorari to review that decision. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

Respondent Moore and Clarence Wheeler began a business relationship in the 1980s. Over the course of their relationship, the two men entered into numerous loan agreements, and in November 1999, Wheeler approached Moore seeking to borrow money. Wheeler informed Moore that he was currently the plaintiff in a lawsuit which involved the sale of his music business and that Petitioner Weinberg was representing him in the matter. Weinberg had been Wheeler's attorney for approximately 30 years and had represented him in numerous matters, in addition to the music business matter. Wheeler further informed Moore that $100,000 had been deposited in an escrow account with the clerk of court pending the resolution of the litigation and proposed using the escrow funds as security for the loan. Moore then spoke with Weinberg regarding the escrow account and the proposed loan agreement. After Weinberg assured Moore that the escrow account did in fact contain $100,000 and was pending upon the resolution of the litigation, Moore agreed to loan Wheeler $80,000. Wheeler executed a note to Moore for $92,000, which included a $12,000 built-in premium. Weinberg then prepared an assignment securing the note which provided that:

> Clarence Wheeler does by this instrument assign to Joseph Moore so much of any recovery that he may make from the debt owed to him by [the music business] and the escrow account, which is pending as a result of said litigation, unto Joseph Moore.

In 2002, Weinberg settled the music business litigation on behalf of Wheeler for $100,000.[1] After the clerk transferred

---

[1]. At the time of the settlement, the escrow account had earned $10,829 in interest. The settlement agreement provided that Wheeler would

the funds from the escrow account to Weinberg, Weinberg failed to remember that the escrow funds had been assigned to Moore and immediately disbursed $72,458 of the funds to Wheeler and retained $25,000 for attorney's fees. While Moore was out of town, Wheeler tendered $50,000 to Moore's son for payment of the debt.[2] Moore later informed Wheeler the $50,000 payment did not fully satisfy the note. Accordingly, they signed a handwritten agreement on the bottom of the note, which provided:

> I, Clarence Wheeler, agree that I owe Joseph H. Moore $80,000 since March 17, 2000 and agree to pay him 6% interest on the $80,000 balance. Clarence Wheeler paid $50,000 on June 19, 2002.

Wheeler failed to pay Moore in accordance with the new agreement.

Moore filed claims against Weinberg for negligence, conversion, and civil conspiracy. The trial court granted summary judgment in favor of Weinberg because Moore and Weinberg did not have a "legal relationship" and because it found that the subsequent handwritten agreement contained on the note constituted a novation. The court of appeals held that the trial court erred in granting summary judgment on the negligence claim because there was evidence that Weinberg owed a duty to Moore. Additionally, the court held the defense of novation was not applicable in this tort action because novation is a defense sounding in contract. Finally, the court of appeals held the trial court erred in granting summary judgment on Moore's conversion claim because Moore had a valid assignment to a portion of the escrow account and Weinberg was on notice of the assignment.

This Court granted a writ of certiorari to review the following issue:

> Did the court of appeals err in holding that an attorney may be liable to a third party for disbursing funds to the

retain $100,000, while the defendants would retain the $10,829 earned in interest.

**2.** Wheeler testified that he mistakenly believed that he owed $50,000 on the debt.

attorney's client where the attorney was aware that the funds were assigned to the third party?

## STANDARD OF REVIEW

█ Summary judgment is appropriate where there is no genuine issue of material fact and it is clear the moving party is entitled to a judgment as a matter of law. Rule 56(c), SCRCP. In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Koester v. Carolina Rental Ctr.*, 313 S.C. 490, 493, 443 S.E.2d 392, 394 (1994).

## LAW/ANALYSIS

### I. Negligence

Weinberg argues that the court of appeals erred in reversing the trial court's grant of summary judgment on the negligence claim. We disagree.

█ In a negligence action, a plaintiff must show that (1) the defendant owes a duty of care to the plaintiff, (2) the defendant breached the duty by a negligent act or omission, (3) the defendant's breach was the actual and proximate cause of the plaintiff's injury, and (4) the plaintiff suffered an injury or damages. *Madison ex rel. Bryant v. Babcock Ctr., Inc.*, 371 S.C. 123, 136, 638 S.E.2d 650, 656 (2006).

█ Weinberg contends that allowing a cause of action against an attorney under these circumstances will intrude upon the attorney/client relationship and greatly hinder an attorney's ability to represent his client. In our view, Weinberg's argument misses the mark. Weinberg acted as the escrow agent and owed a fiduciary duty to Moore by virtue of this role. Therefore, it makes no difference that Weinberg was Wheeler's lawyer and represented him in other matters. Under the facts of this case, the duty arises from an attorney's role as an escrow agent and is independent of an attorney's status as a lawyer and distinct from duties that arise out of the attorney/client relationship.

■ Furthermore, we hold that Moore presented evidence that Weinberg's performance fell below the standard of care. In addition to submitting an affidavit from an attorney stating that Weinberg breached the standard of care, Weinberg essentially admitted that he was negligent in failing to disburse the funds in accordance with the agreement by testifying that he simply overlooked the terms of the agreement.

Accordingly, we hold that the trial court erred in granting Weinberg's motion for summary judgment on the negligence claim.

## II. Conversion

Weinberg argues that the court of appeals erred in reversing the trial court's grant of summary judgment on the conversion claim. We disagree.

■ Conversion is defined as the unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another to the exclusion of the owner's rights. *SSI Med. Servs., Inc. v. Cox,* 301 S.C. 493, 498, 392 S.E.2d 789, 792 (1990). Money may be the subject of conversion when it is capable of being identified and there may be conversion of determinate sums even though the specific coins and bills are not identified. *Id.*

■ Moore alleged in the complaint that he owned an interest in the proceeds from the litigation pursuant to the assignment, that Weinberg was aware of his interest in the proceeds, and that Weinberg wrongfully disbursed those proceeds. Viewing the evidence in a light most favorable to Moore, a genuine issue of material fact exists as to the conversion claim, and the court of appeals therefore correctly reversed the trial court's grant of summary judgment.

### CONCLUSION

For the foregoing reasons, we affirm the court of appeals' decision and hold that the trial erred in granting Weinberg's motion for summary judgment on the negligence claim and conversion claim.

WALLER, BEATTY, JJ., and Acting Justices JAMES E. MOORE and DOROTHY MOBLEY JONES, concur.