THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 
 Mitchell K.
 Byrd, Appellant,
 
 
 
 
 

v.

 
 
 
 Wausau
 Underwriters Insurance Companies, Mark S. Barrow, J.D., and Sweeny Wingate
 & Barrow, P.A., Defendants,
 
 Of Whom Mark S.
 Barrow, J.D., and Sweeny Wingate & Barrow, P.A. are Respondents.
 
 
 
 

Appeal from Richland County
 Benjamin H. Culbertson, Circuit Court
Judge

Memorandum Opinion No. 2011-MO-002
 Heard November 18, 2010  Filed January 7,
2011

AFFIRMED

 
 
 
 Thomas
 A. Pendarvis, of Beaufort, for Appellant.
 Pope
 D. Johnson, III, of Johnson & Barnette, of Columbia, for Respondents.
 
 
 

PER CURIAM:  This case concerns whether an attorney has a duty
 under Rule 1.15 of our Rules of Professional Conduct to protect the lien of the
 opposing party's former attorney.  We decline to find such a duty under the
 circumstances of this case.
I.
Mitchell K. Byrd, an
 attorney, represented the plaintiffs in a personal injury action in exchange
 for a contingency fee.  Respondents, an attorney and his law firm, represented
 the defendants in that suit.  The plaintiffs terminated Byrd[1] and retained new counsel, who ultimately withdrew.  The plaintiffs proceeded pro
 se and negotiated a settlement with Wausau Underwriters Insurance Companies, the defendants' insurance
 carrier.
Prior to the settlement, Byrd
 notified Respondents that he would claim a lien against the settlement proceeds
 to secure payment of his purported attorney's fees and costs.  Respondents paid
 the settlement proceeds to the plaintiffs and did not withhold any funds from
 the settlement in connection with Byrd's lien.[2] 
 When Byrd's former clients did not pay him, Byrd brought this suit against Respondents
 seeking actual and punitive damages.
The circuit court found
 Respondents were entitled to summary judgment as to Byrd's causes of action for
 negligence, breach of fiduciary duty, conversion, and an accounting because
 they did not have a duty to protect Byrd's lien.
Byrd now argues Respondents
 had a duty under Rule 1.15, RPC, Rule 407, SCACR, not to disburse
 funds that were subject to his lien.[3]
II.
"The existence of a duty
 owed is a question of law for the courts."  Doe ex rel. Doe v. Batson,
 345 S.C. 316, 323, 548 S.E.2d 854, 857 (2001).
Rule
 1.15(e) provides:

 When in
 the course of representation a lawyer is in possession of property in which two
 or more persons (one of whom may be the lawyer) claim interests, the property
 shall be kept separate by the lawyer until the dispute is resolved.  The lawyer
 shall promptly distribute all portions of the property as to which the
 interests are not in dispute.

Comment
 4 to Rule 1.15 provides:

 Paragraph
 (e) also recognizes that third parties may have lawful claims against specific
 funds . . . in a lawyer's custody, such as a client's creditor who has a lien
 on funds recovered in a personal injury action.  A lawyer may have a duty under
 applicable law to protect such third-party claims against wrongful
 interference by the client.  In such cases, when the third-party claim is not
 frivolous under applicable law, the lawyer must refuse to surrender the
 property to the client until the claims are resolved.A lawyer should not unilaterally assume to arbitrate a
 dispute between the client and the third party, but, when there are substantial
 grounds for dispute as to the person entitled to the funds, the lawyer may file
 an action to have a court resolve the dispute.

(Emphasis added).  This
 comment suggests that Rule 1.15(e) does not provide an independent source for a
 duty to third parties; rather, a lawyer "may have a duty under applicable
 law."  Cf. Moore v. Weinberg, 383 S.C. 583, 588, 681 S.E.2d
 875, 878 (2009) ("Under the facts of this case, the duty arises from an
 attorney's role as an escrow agent and is independent of an attorney's status
 as a lawyer and distinct from duties that arise out of the
 attorney/client relationship.").  Under the circumstances of this case, we
 decline to find Respondents owed a duty to Byrd by operation of Rule 1.15.[4]
AFFIRMED.
PLEICONES, ACTING CHIEF
 JUSTICE, KITTREDGE, HEARN, JJ., and Acting Justices James E. Moore and J.
 Ernest Kinard, Jr., concur.

[1] See Barnette v. Adams Brothers Logging, Inc., 355 S.C. 588, 591,
 586 S.E.2d 572, 574 (2003) (outlining attorney Byrd's representation in the
 personal injury action and noting that the "machinations and
 invidious manipulations of the discovery process had . . . created an extremely
 hostile environment, consumed an inordinate amount of the Court's time . . .
 and made what should have been a simple wreck case into an administrative
 nightmare").
[2] Nothing in the record suggests Respondents deposited the funds into a trust or
 escrow account before delivering them to Byrd's former clients.
[3] Byrd suggests three sources for Respondents' duty: Rule 1.15, the common law,
 and equity.  Byrd's arguments regarding the common law and equity are patently
 without merit, and we summarily reject them.  Rule 220(b)(1), SCACR.
[4] Byrd asserted several other causes of action, and he argues the circuit court
 erred in granting summary judgment on those claims before discovery was
 complete.  Byrd's affidavits in opposition to summary judgment were untimely
 and patently insufficient to create any genuine issue of fact.  The circuit
 court did not err in granting summary judgment as to Byrd's remaining claims.  See Rule 56(c), (e), SCRCP.