**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bill J. Vernon, Jr., and Sandra Vernon, Respondents,

v.

Landmarc Constructors, Inc., d/b/a Landmarc Custom Homes, Marcus Dunn, and Yoder's Building Supply, Inc., Defendants,

Of whom Landmarc Constructors, Inc., d/b/a Landmarc Custom Homes, and Marcus Dunn, are Appellants,

Yoder's Building Supply, Inc., Third-Party Plaintiff,

v.

Sandra Ann Vernon and Billie James Vernon, Jr., Trustees, or their successors in trust, under the Sandra Ann Vernon Living Trust, dated June 12, 2000, and as thereafter amended, Gary Dunn, Individually, and Kerri Dunn, Individually, Third-Party Defendants.

Appellate Case No. 2012-211971

―――――――

Appeal From Greenville County
Charles B. Simmons, Jr., Circuit Court Judge

―――――――

Unpublished Opinion No. 2014-UP-031
Heard December 10, 2013 – Filed January 22, 2014

―――――――

**AFFIRMED**

John Brandt Rucker, of Greenville, for Appellants.

T. S. Stern, Jr., and Violet Elizabeth Wright, of Covington, Patrick, Hagins, Stern & Lewis, P.A., of Greenville, for Respondents.

**PER CURIAM:**  In this construction defect action filed by Bill J. Vernon, Jr., and Sandra Vernon against Landmarc Constructors, Inc., d/b/a Landmarc Custom Homes (Landmarc), Marcus Dunn, and Yoder's Building Supply, Inc., Landmarc and Dunn appeal the trial court's findings of fraud, breach of contract with fraudulent intent, conversion, and Dunn's personal liability.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to our standard of review:  *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976) ("In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings.").

2.      As to the cause of action for breach of contract:  *Way v. Way*, 398 S.C. 1, 7 n.7, 726 S.E.2d 215, 219 n.7 (Ct. App. 2012) (finding this court need not address an issue that was conceded during oral argument).

3.      As to the causes of action for fraud and breach of contract with fraudulent intent:  *Conner v. City of Forest Acres*, 348 S.C. 454, 465-66, 560 S.E.2d 606, 612 (2002) (finding a party attempting to prove breach of contract accompanied by a fraudulent act must show: (1) a breach of contract; (2) fraudulent intent relating to the breaching of the contract and not merely to its making; and (3) a fraudulent act accompanying the breach); *First State Sav. & Loan v. Phelps*, 299 S.C. 441, 446-47, 385 S.E.2d 821, 824 (1989) ("The elements of fraud are: a representation; its falsity; its materiality; knowledge of its falsity or a reckless disregard of its truth or falsity; intent that the representation be acted upon; hearer's ignorance of its falsity; hearer's reliance on its truth; hearer's right to rely; and hearer's consequent and proximate injury."); *Regions Bank v. Schmauch*, 354 S.C. 648, 672, 582 S.E.2d 432,

445 (Ct. App. 2003) (finding fraud must be proven by clear, cogent, and convincing evidence).

4.      As to the cause of action for conversion:  *Moore v. Weinberg*, 383 S.C. 583, 589, 681 S.E.2d 875, 878 (2009) ("Conversion is defined as the unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another to the exclusion of the owner's rights."); *Castell v. Stephenson Fin. Co.*, 244 S.C. 45, 50-51, 135 S.E.2d 311, 313 (1964) (defining conversion as a wrongful act which emanates by either a wrongful taking or wrongful detention).

5.      As to Dunn's personal liability:  *Rowe v. Hyatt*, 321 S.C. 366, 369, 468 S.E.2d 649, 650 (1996) ("An officer, director, or controlling person in a corporation is not, merely as a result of his or her status as such, personally liable for the torts of the corporation."); *id.* ("To incur liability, the officer, director, or controlling person must ordinarily be shown to have in some way participated in or directed the tortious act.").

**AFFIRMED.**

**SHORT and WILLIAMS, JJ., and CURETON, A.J., concur.**