**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

CACH, LLC, Respondent,

v.

Toby Hoffman Jr., a/k/a Carl W. Hoffman Jr., Appellant.

Appellate Case No. 2012-213531

Appeal From Richland County
G. Thomas Cooper Jr., Circuit Court Judge

Unpublished Opinion No. 2014-UP-438
Heard September 9, 2014 – Filed December 3, 2014

**AFFIRMED**

John D. Elliott, of Columbia, for Appellant.

Edward H. Overcash Jr., of Law Offices of Ed Overcash, LLC, of Greenville, and Manuel H. Newburger, of Barron & Newburger, P.C., of Austin, Texas, for Respondent.

**PER CURIAM:** Appellant Toby Hoffman Jr. appeals the trial court's order granting judgment in favor of Respondent CACH, LLC (CACH), a company that was assigned two outstanding debts owed by Hoffman. Hoffman contends CACH

did not prove it had been assigned the debts in question. He also argues the trial court improperly admitted credit card statements and financial records created by the prior owner of the accounts under the business records exception to the hearsay rule. Finally, Hoffman claims CACH's failure to disclose its principal witness through discovery required the exclusion of this witness. We affirm.

1. We find the trial court did not err in concluding the assignment of the debts from FIA Card Services, N.A. (FIA) to CACH was valid. "An assignment is the act of transferring to another all or part of one's property, interest, or rights." *Moore v. Weinberg*, 373 S.C. 209, 219, 644 S.E.2d 740, 745 (Ct. App. 2007) (citing *Black's Law Dictionary* 119 (6th ed. 1992)), *aff'd*, 383 S.C. 583, 681 S.E.2d 875 (2009). "Three elements constitute an assignment: (1) an assignor; (2) an assignee; and (3) transfer of control of the thing assigned from the assignor to the assignee." *Id.* Notice of the assignment to the debtor is not a requirement for an assignment's validity. *See id.* In South Carolina, it is well established that "[a]n assignee stands in the shoes of the assignor." *BAC Home Loan Servicing, L.P. v. Kinder*, 398 S.C. 619, 624, 731 S.E.2d 547, 549 (2012). "When a contract is assigned, the assignee should have all the same rights and privileges, including the right to sue on the contract, as the assignor." *Twelfth RMA Partners, L.P. v. Nat'l Safe Corp.*, 335 S.C. 635, 640, 518 S.E.2d 44, 46 (Ct. App. 1999).

In order to assign the accounts to CACH, FIA completed two Bills of Sale. The Bills of Sale designated FIA as the assignor of the loans and indicated that through the sale, CACH, the assignee, acquired "all of [FIA's] right, title and interest in and to each of the loans identified in the loan schedule." Both Bills of Sale were signed by Debra Pellicciaro, the Assistant Vice President of FIA. In addition to the Bills of Sale, the record contains Hoffman's bank statements for the two credit cards. Each statement provided that the accounts were "issued and administered by FIA Card Services, N.A." In light of these documents, we find the trial court properly concluded the assignment of the two accounts from FIA to CACH was valid.

2. We find the trial court did not err in admitting certain records created by the prior owner of the account under the business records exception to the hearsay rule. The business records exception provides that certain records are admissible as long as they are (1) made near the time of the event recorded; (2) created by, or from information transmitted by, a person with knowledge; (3) prepared in the regular course of business; and (4) identified by the custodian or a qualified witness who can testify regarding the mode of preparation of the record. Rule 803(6), SCRE.

If a witness's testimony conveys information from a person "with knowledge" at the time the records were created, the witness may be deemed qualified to testify despite not being the custodian "at or near the time" the records were made. *Twelfth RMA Partners, L.P.*, 335 S.C. at 642, 518 S.E.2d at 48 (noting this is "a situation expressly allowed under Rule 803(6)"); *see also Midfirst Bank, SSB v. C.W. Haynes & Co.*, 893 F.Supp. 1304, 1310 (D.S.C. 1994) ("Business records of an entity are admissible even though another entity made the records, and the rule does not require an employee of the entity that prepared the record to lay the foundation."), *aff'd*, 87 F.3d 1308 (4th Cir. 1996); *id.* at 1311 ("The phrase 'other qualified witness' should be broadly interpreted.").

The sole witness at trial was Magic West, an employee of Square Two Financial, which owns CACH. During his testimony, West specifically addressed the supporting documentation CACH ordered from FIA to accompany Hoffman's accounts. He noted that CACH requested an affidavit of sale for each account in order to verify the information in the loan schedule. West testified that when acquiring delinquent accounts, it was CACH's standard practice to order supporting documentation for the maintenance of each account. West stated he was familiar with the records for Hoffman's accounts, including those that had been provided to CACH by FIA. He further indicated he had been trained by Bank of America[1] as to its policies and procedures in keeping records, specifically "Bank of America's policies for how accounts are created, how [it] transfer[s] accounts, how statements are created, payments are received, statements are mailed out, disputes are filed, [and] F.D.I.C. audits." Based on his training and knowledge of the records, we find West was a qualified witness under the business records exception; therefore, the trial court did not err in admitting the business records.

3. We find the trial court did not err in denying Hoffman's motion to exclude West as a witness. Rule 33(b), SCRCP, imposes a continuing duty on the part of the party from whom information is sought to supplement interrogatory answers to reflect the addition of a witness. *Bensch v. Davidson*, 354 S.C. 173, 181-82, 580 S.E.2d 128, 132 (2003). "The trial court has the discretion to determine whether a sanction is warranted for a violation of Rule 33(b)'s continuing duty to disclose information." *Jenkins v. Few*, 391 S.C. 209, 219, 705 S.E.2d 457, 462 (Ct. App.

---

[1] FIA is a wholly owned subsidiary of Bank of America Corporation.

2010).  Before excluding a witness as a sanction for violating the continuing duty to disclose information, the trial court should consider the following five factors: (1) the type of witness involved, (2) the content of the evidence, (3) the explanation for the failure to name the witness in answer to the interrogatory, (4) the importance of the witness's testimony, and (5) the degree of surprise to the other party.  *Bensch*, 354 S.C. at 182, 580 S.E.2d at 133.  "Exclusion of a witness is a sanction which should never be lightly invoked."  *Moran v. Jones*, 281 S.C. 270, 276, 315 S.E.2d 136, 139 (Ct. App. 1984).  After reviewing the record, we find the trial court did not abuse its discretion in allowing West to testify despite CACH's failure to identify West as a potential witness when it responded to Hoffman's interrogatories.

**AFFIRMED.**

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur**.