**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

First National Bank of the South, Successor in interest to Carolina National Bank and Trust Company, Respondent,

v.

James T. Callihan a/k/a James Callihan; Edward L. Williams; Frank J. Pennisi a/k/a Frank Pennisi; Dean J. Karavan a/k/a D.J. Karavan; Charles T. Walls Jr. a/k/a Charles Walls; Robert S. Guyton; and Jeffrey H. Skelley, Defendants,

Of whom Frank J. Pennisi and Charles T. Walls are the Appellants.

Appellate Case No. 2013-001483

———————————

Appeal From Horry County
W. Jeffrey Young, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-126
Heard December 10, 2014 – Filed March 11, 2015

———————————

**AFFIRMED**

———————————

C. Scott Masel, of Newby, Sartip, Masel, & Casper, LLC, of Myrtle Beach, for Appellant Charles T. Walls.

Thomas C. Brittain, of The Brittain Law Firm, P.A., of Myrtle Beach, for Appellant Frank J. Pennisi.

Robert A. Kerr Jr., of Moore & Van Allen, PLLC, and Amy Jowers Mikell, of Law Office of Amy Jowers Mikell, LLC, both of Charleston, for Respondent.

---

**PER CURIAM:**  In this collection action, Appellants Frank J. Pennisi and Charles T. Walls argue the trial court erred in (1) finding Appellants were not released from their obligations as guarantors of the loan (Original Note), and (2) finding the case was prosecuted by a proper party.  We affirm.

First, Appellants argue the trial court erred in finding Appellants were not released from their obligations as guarantors of the loan their company received.[1]  Although Appellants concede there was no writing evidencing their release, they assert that (a) the subsequent loan renewals were novations of the Original Note, and (b) it was their understanding that their partial payment on the Original Note would extinguish their obligations as guarantors.  We find this argument is without merit. *See Peoples Fed. Sav. & Loan Ass'n v. Myrtle Beach Ret. Grp., Inc.*, 300 S.C. 277, 280, 387 S.E.2d 672, 673 (1989) ("A guaranty is a contract and is to be construed by the principles governing contracts."); *Silver v. Aabstract Pools & Spas, Inc.*, 376 S.C. 585, 590, 658 S.E.2d 539, 541 (Ct. App. 2008) ("An action to construe a contract is an action at law." (citation omitted)); *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976) ("In an action at law, on appeal of a case tried without a jury, the findings of fact of the [trial court] will not be disturbed upon appeal unless found to be without evidence which reasonably supports the [court's] findings."); *Adams v. B & D, Inc.*, 297 S.C. 416, 419, 377 S.E.2d 315, 317 (1989) ("There can be no novation unless both parties so intend." (citations omitted)); *Moore v. Weinberg*, 373 S.C. 209, 218, 644 S.E.2d 740, 744 (Ct. App. 2007) ("The party asserting a novation has the burden of proving it." (citation omitted)), *aff'd*, 383 S.C. 583, 681 S.E.2d 875 (2009); *id.* ("An addendum

---

[1] Appellants' company is Sand Dollar, LLC, which is composed of seven total members.  In 2006, these seven members formed Sand Dollar and borrowed money from Respondent to collectively purchase a vacation house in the Bahamas.

that modifies a pre-existing agreement, but does not extinguish it, is not a novation." (citation omitted)); *Superior Auto. Ins. Co. v. Maners*, 261 S.C. 257, 263, 199 S.E.2d 719, 722 (1973) (finding language appearing on the face of an agreement was clear and unambiguous and negated an intention for there to be a novation).

Second, Appellants also argue the trial court erred in finding the case was prosecuted by a proper party. *See* Rule 25(c), SCRCP ("In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."). Appellants cite to *Bryant v. Waste Management, Inc.*, for the proposition that Rule 25(c), SCRCP, applies only when there is a transfer of interest from one corporation to another through a merger that extinguishes the original corporation's existence. 342 S.C. 159, 164, 536 S.E.2d 380, 383 (Ct. App. 2000). However, there is no precedent for the proposition that Rule 25(c)'s application is limited to transfers of interest through the merger of one company into another. We find the plain language of Rule 25(c), i.e., "[i]n case of any transfer of interest," supports its application under the circumstances of this case. Accordingly, we hold the trial court's finding that Respondent is the proper prosecuting party is supported by the evidence. *See Townes Assocs.*, 266 S.C. at 86, 221 S.E.2d at 775 ("In an action at law, on appeal of a case tried without a jury, the findings of fact of the [trial court] will not be disturbed upon appeal unless found to be without evidence which reasonably supports the [court's] findings.").

**AFFIRMED.**

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**