**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Moore, Taylor, & Thomas, P.A., Appellant,

v.

Marsha Banks and Mary Guynn, Defendants,

Of Whom Mary Guynn is the Respondent.

Appellate Case No. 2014-000135

————————

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

————————

Unpublished Opinion No. 2015-UP-555
Heard October 21, 2015 – Filed December 16, 2015

————————

**AFFIRMED**

————————

Charles E. Usry and Peter Demos Protopapas, both of Rikard & Protopapas, LLC, of Columbia, for Appellant.

J. Calhoun Watson and Tina Marie Cundari, both of Sowell Gray Stepp & Laffitte, LLC, of Columbia, for Respondent.

————————

**PER CURIAM:** The law firm of Moore, Taylor, & Thomas, P.A. (Moore Taylor) brought a negligence action against Mary Guynn, the closing attorney in a real estate transaction in which a former client of Moore Taylor was the seller. The circuit court granted Guynn's motion to dismiss the claims against her pursuant to Rule 12(b)(6), SCRCP. Moore Taylor appeals, arguing (1) the circuit court incorrectly relied on Moore Taylor's failure to plead the existence of an attorney-client relationship as a basis for dismissing the complaint, (2) the circuit court erred in finding Guynn had no duty to Moore Taylor, and (3) the circuit court erred in holding the statute of frauds applied to the facts of this case. We affirm.

According to its complaint, Moore Taylor negotiated a settlement on behalf of a client. Pursuant to the settlement, certain real property would be sold and the sales proceeds would be divided between Moore Taylor's client and her adversary. Moore Taylor further alleged that Guynn, though aware of Moore Taylor's claim that legal fees owed by its former client were "to be paid out of the closing," refused to recognize Moore Taylor's interest in the sales proceeds or withhold the funds. In granting Guynn's motion to dismiss, the circuit court held (1) to the extent Moore Taylor's negligence claim was one for legal malpractice, the claim failed because of the absence of an attorney-client relationship; and (2) Moore Taylor failed to show Guynn owed a duty to withhold funds based on its oral assertion of its interest.

1.     An attorney may be subject to liability for a breach of a duty to a third party even though there is no attorney-client relationship between them. *See Moore v. Weinberg*, 383 S.C. 583, 588, 681 S.E.2d 875, 878 (2009) (recognizing a duty under the facts of the case that arose "from an attorney's role as an escrow agent and is independent of an attorney's status as a lawyer and distinct from duties that arise out of the attorney/client relationship"). However, although the absence of an attorney-client relationship does not necessarily defeat a negligence action against an attorney, the plaintiff generally must plead facts from which a duty can be inferred. *See Argoe v. Three Rivers Behavioral Ctr. & Psychiatric Sols.*, 388 S.C. 394, 400, 697 S.E.2d 551, 554 (2010) ("[A]n attorney owes no duty to a non-client unless he breaches some independent duty to a third person or acts in his own personal interest, outside the scope of his representation of the client.").

2.     We hold the circuit court correctly concluded Moore Taylor did not plead facts that would support a finding that Guynn owed a duty to Moore Taylor. *See* Rule 1.15, RPC, Rule 407, SCACR, cmt. 4 ("A lawyer may have a duty *under applicable law* to protect such third-party claims against wrongful interference by

the client." (emphasis added)); *Duke Power Co. v. S.C. Pub. Serv. Comm'n*, 284 S.C. 81, 100, 326 S.E.2d 395, 406 (1985) ("Ordinarily, an attorney must look to his client for compensation for services performed by his employment."); *Moore v. Weinberg*, 373 S.C. 209, 225, 644 S.E.2d 740, 748 (Ct. App. 2007) (reversing the grant of summary judgment on a negligence cause of action against an attorney who, in his capacity as an escrow agent, disbursed the escrowed funds in violation of a written assignment that he himself had drafted), *aff'd*, 383 S.C. 583, 681 S.E.2d 875 (2009); *Harris-Jenkins v. Nissan Car Mart, Inc.*, 348 S.C. 171, 176, 557 S.E.2d 708, 710 (Ct. App. 2001) ("In South Carolina, the authority to award attorney's fees can come only from a statute or be provided for in the language of a contract. There is no common law right to recover attorney's fees.").

3.      Moore Taylor also takes issue with the circuit court's observation that its claim against Guynn may be barred by the statute of frauds because the complaint did not include an allegation that Moore Taylor had any written assignment rights or security interest in the sales proceeds. The circuit court, however, did not rely on the statute of frauds in granting the motion to dismiss; rather, the dismissal was based on the court's determination that Guynn owed no duty to Moore Taylor to withhold the funds in her escrow account after the closing. Because the issue of Guynn's duty to withhold the funds is dispositive of this appeal, we decline to address the merits of Moore Taylor's argument that the circuit court erred in stating the statute of frauds may have barred its action against Guynn. *See Futch v. McAllister Towing Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when disposition of a prior issue is dispositive of the appeal).

**AFFIRMED.**

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**